IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CV-11-BO

| | |
|---|---|
| KELVIN L. CREDLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DONALD C. WINTER, SECRETARY ) | |
| OF THE NAVY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's Motion for Summary Judgment. Defendant asserts that Plaintiff has failed to present a genuine issue of material fact as to whether Defendant racially discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et. seq.*, and that Plaintiff has failed to exhaust administrative remedies. Plaintiff contends Defendant discriminated against him based on his race when Defendant failed to select him for an available employment position. For the reasons stated below, Defendant's Motion for Summary Judgment is GRANTED.

BACKGROUND

Plaintiff, Kelvin Credle, is an African-American man who was employed by Defendant as a WG-05 Painting Helper in the Small Paint Shop of the Aircraft and Component Paint and Rubber Shop at the Navy's Fleet Readiness Center East in Cherry Point, NC. Plaintiff began working for the Navy as a WG-04 Student Trainee/Painter Worker under the Student Career Experience Program in January, 2004. Upon completion of the Student Career Experience

Program in June, 2005, Plaintiff was hired as a WG-05 Painting Helper.

Beginning in December, 2005, a total of twelve WG-07 Painting Worker vacancies were filled at the Fleet Readiness Center East via the external recruitment process. A Request for Personnel Action was submitted to the Human Resources Service Center-East in Portsmouth, VA, to fill ten vacancies in December, 2005. Applications were accepted beginning on January 13, 2006. Applicants were directed to submit a résumé including (1) a description of their experience and/or education as it pertained to the position and (2) responses to Occupational Task Statements. The Human Resources Service Center-East rated the applicants based on their résumés and issued a Certificate of Eligibles listing eligible applicants by Veterans Preference and rating score in descending order. Later, two additional positions were authorized and a supplemental Certificate of Eligibles was issued. None of the applicants from the first Certificate were listed on the supplemental Certificate.

The external recruitment process is governed by the "Rule of Three" and incorporates Veterans Preference. Veterans Preference applicants are listed at the top of the Certificate of Eligibles by descending Veterans Preference category. Under the "Rule of Three," selections must be made from the three highest applicants on a Certificate of Eligibles and a selecting official may not pass over a Veterans Preference applicant to select a Non-Preference applicant lower on the certificate. But if an applicant within reach of selection has been considered and not selected three times and other eligible applicants were selected instead, then the non-selected applicant may be eliminated from further consideration.

Plaintiff was considered three times for a WG-07 Painting Worker position, but was not selected. John Whitehurst, the selecting official, selected applicants from the Certificate of

-2-

Case 4:08-cv-00011-BO   Document 25   Filed 09/11/09   Page 2 of 9

Eligibles generated by the Human Resources Service Center-East. For the first position, Mr. Whitehurst evaluated Plaintiff, Gary Park, and Randall Blanton and selected Mr. Blanton. For the second position, Mr. Whitehurst evaluated Plaintiff, Gary Park, and William Potter and selected Mr. Potter. For the third position, Mr. Whitehurst evaluated Plaintiff, Gary Park, and Brett Carter and selected Mr. Carter. Upon filling the third position, Mr. Whitehurst had considered Mr. Park and Plaintiff three times and had exhausted the Veterans Preference applicants. Mr. Whitehurst then moved on to the next applicants on the Certificate of Eligibles to fill the remaining WG-07 positions.

On June 9, 2006, Plaintiff contacted an EEO representative and alleged that he was not selected for a WG-07 position based on race. A right to sue letter was issued on Oct. 18, 2007. Plaintiff timely filed this complaint alleging that because of Plaintiff's race and sex, Defendant did not promote Plaintiff, did not to employ Plaintiff, and denied Plaintiff training and overtime. On January 30, 2009, Defendant filed its motion for Summary Judgment. Plaintiff responded on April 10, 2009, and Defendant responded on April 17, 2009. The motion for summary judgment is ripe for ruling.

## DISCUSSION

A district court should grant summary judgment where there are no genuine issues of material fact for trial. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-223 (1986). The moving party has the initial burden of establishing the lack of a genuine issue as to any material fact, and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex*, 477 U.S. at 324. The court must view the facts and the inferences drawn from the facts in the light most

-3-

Case 4:08-cv-00011-BO   Document 25   Filed 09/11/09   Page 3 of 9

favorable to the nonmoving party, *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986), however, conclusory allegations and unsupported speculation are not sufficient to defeat a motion for summary judgment. *Cf. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.1987). Rule 56(c) requires the court to enter summary judgment if the party opposing the motion "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## I. Plaintiff's Claim of Racial Discrimination in Promotion

Plaintiff alleges that Defendant discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et. seq.*, by not selecting Plaintiff for a WG-07 Painting Worker position. Plaintiff may pursue his Title VII claim through either a mixed-motive framework or the *McDonnell-Douglas* burden shifting framework. Here, Plaintiff appears to incorporate aspects of each and therefore his racial discrimination claim will be evaluated under both avenues.

Regardless of which framework is analyzed, "the ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 153 (2000). Under a mixed-motive framework, the plaintiff may present direct or circumstantial evidence to show that the racial discrimination was a motivating factor in the employer's adverse employment decision. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004).

Plaintiff has provided insufficient evidence to raise a genuine issue of material fact under a mixed motive framework. Plaintiff alleges that he was under pressure from management, including Mr. Whitehurst, and dealt with brusquely by certain co-workers, but none of this amounts to a federal claim of discrimination. *Hawkins v. Pepsico, Inc.*, 203 F.3d 274 (4th Cir. 2000) (noting that "an employer is not required to like his employees"). Similarly, Plaintiff's allegations that "I could tell I was not welcome in Final Finish, when my white co-worker would not support me" and that a training leader asked a co-worker "if I was just trying to draw a pension" do not provide any indication that Mr. Whitehurst had an impermissible motive in not selecting Plaintiff for promotion.

The only other suggestion of racial animus stems from the affidavits of Arthur Evans and Vernon Guion in support of Plaintiff's response. Mr. Evans states that Plaintiff was "mistreated" and Mr. Buion claims to have "knowledge of the Nepotism and Discrimination that exist there." But neither affiant claims to have personal knowledge of the WG-07 hiring decision at issue. Rather, they express generalized discontent with Navy management.

Plaintiff's only evidence regarding Mr. Whitehurst's selection of WG-07 Painting Workers is Plaintiff's assertion that Mr. Whitehurst used a "bad process" and that Mr. Whitehurst stated that he did Plaintiff a favor by hiring him as a WG-05 Painting Helper. But Plaintiff provides no evidence to suggest that Mr. Whitehurst considered race when making WG-07 selections and Mr Whitehurst's comment does not suggest a discriminatory motive. And Plaintiff admits that Kenneth Harper, who reviewed applicants' resumes as an expert in painting after Mr. Whitehurst had made the selections, did not discriminate against Plaintiff. In sum, there is nothing more than speculation to support the conclusion that race was a motivating factor

in Plaintiff's non-selection as a WG-07 Painting Worker.

It should also be noted that Mr. Whitehurst hired Plaintiff as a WG-04 Student Trainee/Painter Worker and hired Plaintiff as a WG-05 Painting Helper. Where the selecting official is the same person who hired the Plaintiff, there is a "powerful inference" that the failure to promote the Plaintiff was not motivated by discriminatory animus. *Evans v. Techs. Applications & Serv.*, 80 F.3d 954, 959 (4th Cir. 1996) (*citing Proud v. Stone*, 945 F.2d 796, 798 (4th Cir. 1991)).

Because Plaintiff lacks sufficient evidence of a discriminatory purpose, Plaintiff must proceed via the *McDonnell Douglas* burden shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Plaintiff must demonstrate that: (1) he is a member of a protected class; (2) he applied for the position in question; (3) he was qualified for that position; and (4) the Defendant rejected his application under circumstances that give rise to an inference of unlawful discrimination. *Anderson, et. al. v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005); *Carter v. Ball*, 33 F.3d 450, 458 (4th Cir. 1994). If these four criteria are met, the complaint has established a prima facie case and the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas*, 411 U.S. at 802. If the employer meets this burden, the complainant is given the opportunity to show that the presumptively legitimate reason offered by the defendant is in fact pretext for an underlying discriminatory motive. *Id.* At 804.

Plaintiff has not provided sufficient evidence to raise a genuine issue of material fact as to whether Defendant's legitimate, nondiscriminatory reason for Plaintiff's non-selection was a pretext for unlawful discrimination. Plaintiff may show that this explanation is a pretext "by

showing he was better qualified, or by amassing circumstantial evidence that otherwise undermines the credibility of the [Defendant's] stated reasons." *Heiko v. Columbo Savings Bank, F.S.B.*, 434 F.3d 249 (4th Cir. 2006), *cert. denied*, 127 S. Ct. 34 (2006). In assessing the qualifications of applicants, Plaintiff's opinion of his performance and qualifications for the position is not relevant. *Warch v. Ohio Casualty Ins. Co.*, 435 F.3d 510 (4th Cir. 2006). Plaintiff must compete for the promotion based on qualifications established by the Defendant. *Anderson*, 406 F.3d at 269.

Defendant has articulated that applicants were selected based on their qualifications as demonstrated by their résumés and that the selected applicants were more qualified than Plaintiff. Mr. Blanton, Mr. Potter, and Mr. Carter, the three selectees considered against Plaintiff, were all rated higher than Plaintiff by the Human Resources Service Center-East and demonstrated higher skill levels than Plaintiff in their résumés. Plaintiff admits that his résumé did not document all of his experience, provide sufficient details of the tasks he performed, or provide adequate examples of how specific tools and equipment were used. Plaintiff admits that he is not clearly more qualified than Mr. Blanton, Mr. Potter, and Mr. Carter, who all provided more detailed résumés. Moreover, Plaintiff admits that Mr Whitehurst did not discriminate against him in selecting Mr. Blanton and Mr. Potter and fails to forecast any evidence that Mr. Whitehurst discriminated against Plaintiff when he selected Mr. Carter. Plaintiff has also failed to provide circumstantial evidence that otherwise undermines the credibility of Defendant's legitimate nondiscriminatory reason for not selecting Plaintiff.

Thus, assuming that Plaintiff can establish that Defendant rejected his application under circumstances that give rise to an inference of unlawful discrimination, Plaintiff has failed to

provide sufficient evidence that Defendant's legitimate, nondiscriminatory reason for not selecting him was a pretext for unlawful discrimination. In sum, Plaintiff cannot show that he was intentionally discriminated against on the basis of his race. Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff's claim that he was not selected for a WG-07 position on the basis of his race.

## II. Plaintiff's Remaining Claims

The Court lacks jurisdiction to adjudicate Plaintiff's remaining claims. Exhaustion of administrative remedies is a prerequisite to a district court's authority to hear a Title VII employment discrimination lawsuit. 42 U.S.C. § 2000e-15(c); *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000); *Sloop v. Memorial Mission Hospital, Inc.*, 198 F.3d 147, 148 (4th Cir. 2005). During the administrative phase, Plaintiff alleged only that Defendant engaged in unlawful discrimination based on race when Plaintiff was not selected for a WG-07 Painting Worker position. Plaintiff's complaint makes the additional claims that (1) Defendant failed to promote Plaintiff based on sex; (2) Defendant did not train Plaintiff based on race and sex; (3) Defendant did not employ Plaintiff based on race and sex; and (4) Defendant denied Plaintiff training and overtime based on race and sex.[1] The Court lacks jurisdiction to adjudicate these additional claim because Plaintiff did not raise these claims during the administrative phase.

Furthermore, an aggrieved person must contact an EEO counselor within 45 days of the

---

[1] It should be noted that although Plaintiff alleges sex discrimination, no women were selected for the WG-07 positions. And although Plaintiff alleges that Defendant's discriminatory acts were both "failure to employ me" and "failure to promote me", Plaintiff was employed by Defendant at the time of the complaint.

-8-

alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1); *Zografox v. Veterans Admin. Med. Ctr.*, 779 F.2d 967, 970 (4th Cir. 1985) (A federal employee's failure to consult with an EEO counselor within the time required after an alleged act of discrimination is grounds for dismissing the Title VII claim for failure to exhaust administrative remedies.). Plaintiff contacted a counselor on June 9, 2006. Plaintiff's non-selection for a WG-07 Painting Worker position is the only discriminatory act alleged to have occurred within the 45 days prior to June 9, 2006.

## CONCLUSION

Defendant's motion for Summary Judgment is GRANTED as to Plaintiff's claim that Defendant discriminated against him based on race when he was not selected for a WG-07 Painting Worker position. Plaintiff's remaining claims are DISMISSED. All other motions pending before the Court are MOOT.

SO ORDERED, this __10__ day of September, 2009.

TERRENCE W. BOYLE

UNITED STATES DISTRICT JUDGE